IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEN BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 9416 |
| | ) |
| FEDERAL BUREAU OF | ) |
| INVESTIGATION | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Ben Baker's (Baker) and Defendant Federal Bureau of Investigation's (FBI) cross motions for summary judgment. For the reasons stated below, FBI's motion for summary judgment is granted and Baker's motion for summary judgment is denied.

## BACKGROUND

On January 31, 2014, Baker submitted a Freedom of Information Act (FOIA), 5 U.S.C. § 552, request to the Department of Justice, Office of Information Policy (OIP), seeking access to "the entire investigative file regarding *United States v. Ronald Watts,* 1:12-cr-00087." Ronald Watts (Watts) is a former Chicago Police Department Officer who was subject to federal investigation, convicted of theft of

government funds, and sentenced to twenty two months in prison and one year of supervised release. Baker contends he was a victim of Watts' criminal activity.

OIP allegedly forwarded Baker's FOIA request to the FBI on March 18, 2014. The FBI informed Baker that the requested records were exempt from disclosure under 5 U.S.C. § 552(b)(6) and § 552(b)(7)(C). After an unsuccessful appeal, Baker filed this cause of action on November 11, 2014 alleging a single count against the FBI claiming a violation of FOIA. After the lawsuit was initiated, the FBI advised Baker that he had demonstrated public interest sufficient to warrant a search for responsive records. From April 21, 2015 to February 22, 2016, the FBI reviewed a total of 5,818 pages that were responsive to Baker's request and released 736 records. Of the 736 records released, Baker is challenging redactions on sixty three pages. Baker seeks names and identifying information of federal agents who investigated Watts, any potential co-conspirators, the names and identifying information of Chicago Police Department officers and personnel, and the names and identifying information of other public employees mentioned in the reports.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine

issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross motions for summary judgment, the court should "construe the evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

## DISCUSSION

Section 552(a)(4)(B) of the Freedom of Information Act (FOIA) states that a district court should review an agency's denial of a FOIA request de novo. 5 U.S.C. § 552(a)(4)(B). Pursuant to 5 U.S.C. § 552(a)(4)(B), the agency bears the burden of justifying its decision to withhold records pursuant to FOIA's statutory exemptions. 5 U.S.C. 552(a)(4)(B). The court, in conducting this review, gives "substantial

weight" to affidavits from the agency. *Ray v. Turner*, 587 F.2d 1187, 1193-94 (D.C. Cir. 1978). The agency can discharge this burden by providing a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply. *Torres v. C.I.A.*, 39 F.Supp.2d 960, 963 (N.D. Ill. 1999); *Vaughn v. Rosen (Vaughn I)*, 484 F.2d 820, 824-25 (D.C. Cir. 1973). The court may also require the release of reasonably segregable parts of documents that fall outside the FOIA exemptions. *Turner*, 587 F.2d at 1197.

FOIA opens government records to private citizens and maintains a "policy of broad disclosure of Government documents in order to ensure an informed citizenry, vital to the functioning of a democratic society." *F.B.I. v. Abramson*, 456 U.S. 615, 621 (1982). FOIA requires "federal agencies to make Government records available to the public, subject to nine exemptions for specific categories of material." *Milner v. Department of Navy*, 562 U.S. 562, 564 (2011). Consistent with the statute's goal of broad disclosure, the exemptions are "explicitly made exclusive" and "given a narrow compass." *Department of Justice v. Tax Analysts*, 492 U.S. 136, 151 (1989). The FBI made redactions pursuant to several FOIA exemptions. However, the only exemptions at issue in this matter are Exemptions (b)(6) and (b)(7)(C).

I. David Hardy's Affidavit

Baker argues that Mr. David Hardy's affidavit contains conclusory opinions,

parrots legal arguments, and poses only theoretical situations that could potentially arise. Hardy, Chief of the Record/Information Dissemination Section of the Records Management Division for the FBI, provided an affidavit in this matter to support the FBI's arguments for withholding the identifying information and names in dispute. The district court has discretion to decide a FOIA case on the basis of affidavits, and affidavits are in some cases sufficient. *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 163 (2004). An affidavit submitted by the agency "must show, with reasonable specificity, why the documents fall within the exemption." *Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Also, the "affidavits will not suffice if they are too vague or sweeping." *Id.*

Baker argues that Hardy has no basis to opine on this issue, is an attorney and has no actual experience conducting law enforcement operations, and only has experience working in the FBI's FOIA section. Baker also argues that Hardy's affidavit contains general statements about disclosure of information, but does not provide particularized analysis about the redactions at issue in the Watts investigation file. The FBI contends that Hardy has significant experience in evaluating matters at issue as he currently supervises approximately 250 employees and twelve FBI units. Hardy's affidavit is thorough, specific and comprehensive in explaining Baker's FOIA request. Hardy's affidavit contains 31 pages of detailed information regarding the FBI's methods for reviewing this FOIA request and an exhaustive discussion for withholding the sixty three pages at issue. Hardy and the

FBI also consulted with the ATF and DEA concerning the redactions at issue. Stephanie Boucher, Chief of the ATF's Disclosure Division, submitted an affidavit supporting the claims asserted by Hardy and addressed the issues relating to ATF. Hardy's affidavit was coupled with exhibits, letters, memos, and other information, totaling 140 pages related to Baker's FOIA request. Due to Hardy's thorough analysis, specifically tailored issues regarding Baker's request, and comprehensive discussion of the redactions, this court finds that Hardy is qualified to opine on this specific matter and that his affidavit properly and sufficiently analyzes the specific redactions at issue.

## II. FOIA 5 U.S.C. § 552(b)(7)(C)

Baker argues that Illinois public officials have no expectation of privacy in matters related to their public duties and federal agents have a diminished expectation of privacy in their duties. Exemption (7)(C) excuses from disclosure records or information compiled for law enforcement purposes if their production "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. 552(b)(7)(C). Citizens "seeking documents subject to FOIA disclosure are not required to explain why they seek the information." *Favish*, 541 U.S. at 158. However, when Exemption 7(C)'s privacy concerns are present, "the person requesting the information [must] establish a sufficient reason for the disclosure." *Id.* at 173. Also, the "requester must show that the public interest sought

to be advanced is a significant one, an interest more specific than having the information for its own sake, and that the information is likely to advance that interest." *Id.* at 158. Where the requester argues that "the public interest asserted is to show that responsible officials acted negligently or otherwise improperly in performing their duties, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id.* at 159; *also see Silets v. United States Department of Justice*, 945 F.2d 227, 229 (7th Cir. 1991)(stating that there must be "tangible evidence of bad faith; without it the court should not question the veracity of agency submissions"). Importantly, the FOIA requester must "establish more than a bare suspicion in order to obtain disclosure." The requester must "produce evidence sufficient to warrant a belief by a reasonable person that the alleged government impropriety might have occurred . . ." *Id.* Only when the FOIA requester satisfies this standard will the court engage in balancing the public interest "against the cognizable privacy interests in the requested records." *Id.*

Baker argues that Officer Watts' jail sentence constitutes evidence that impropriety occurred because during the sentencing, the federal government stated that Officer Watts engaged in corrupt activity for "years." Baker also contends that notwithstanding this, Officer Watts only received a sentence of twenty two months in prison. Baker argues that Watts' punishment, despite the government's statement, indicates government impropriety. Baker argues that the general public should have

access to these files to determine why Watts' sentence was not longer and why other officers were not charged. Baker has not produced any concrete evidence or logical conclusion that would warrant a belief by a reasonable person that the alleged government impropriety might have occurred. The eventual sentencing for a criminal defendant results from investigations being conducted by law enforcement as to any alleged offenses, charges brought by prosecutors or indictments by grand juries, a guilty plea or a trial, and if there is a conviction, then sentencing hearing before a judge where all parties have an opportunity to make arguments relating to the sentence. Even though Baker states that he is not accusing any agents of specific wrongdoing, his contention that a government impropriety occurred is based only on his own perception of the criminal justice system. Baker's generalized statement about government impropriety and painting all those involved in the process with a broad brush has no merit.

Baker has failed to produce sufficient evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred. Thus, the FOIA requester has not satisfied the above standard and the court need not engage in balancing the public interest against the privacy concerns. *See Favish,* 541 U.S. at 159(stating that only when the FOIA requester satisfies this standard will the court engage in balancing the public interest against the cognizable privacy interests in the requested records). Therefore, the court finds that the FBI's redactions under Exemption 552(b)(7)(C) are properly exempt from disclosure.

## III. FOIA 5 U.S.C. § 552(b)(6)

Baker argues that the documents withheld pursuant to Exemption 6 should be disclosed because the public has a strong interest in knowing what its federal law enforcement officials are up to and Baker contends that the redactions at issue would shed light on the government operations. Exemption 6 protects from mandatory disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). As recognized by Congress, the "primary purpose in enacting Exemption 6 was to protect individuals from the injury and embarrassment that can result from unnecessary disclosure of personal information." *U.S. Dept. of State v. Washington Post Co.,* 456 U.S. 595, 599 (1982). The United States House of Representatives noted that the exemption is general in nature, by stating that a "general exemption for this category of information is much more practical than separate statutes protecting each type of personal record." H.R.Rep.No.1497, 89th Cong., 2nd Sess., 11 (1966), pp.2418, 2428. The information being sought "need not be disclosed if protected privacy interests outweigh the public's interest in disclosure. *U.S. Dep't of Air Force v. Rose,* 96 S.Ct. 1592, 1604 (1976).

Exemption 6 is in marked contrast to Exemption 7(C), where Exemption 6 uses the adverb "clearly" and also contains a "requirement that disclosure constitute an actual rather than a likely invasion of privacy." *Department of Justice v.*

*Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 756 (1989). The Supreme Court has held that "the standard for evaluating a threatened invasion of privacy interests . . . is somewhat broader" under Exemption 7(C) than under Exemption 6. *Id.*

### A. FBI Agents, FBI Personnel, Non-FBI Personnel & Local Law Enforcement

Baker argues that the FBI improperly withheld the names and/or identifying information of FBI special agents and support personnel because the public has a strong interest in knowing what its government is doing. The record reflects that the FBI applied Exemption 6 to withhold disclosing the names and identifying information of FBI special agents and FBI support personnel who were involved in the FBI's investigation into Officer Watts.

Baker argues that the disclosure of names and identities of federal agents would further public interest by holding federal law enforcement accountable for the quality and integrity of their investigations. Baker states that these individuals have a diminished expectation of privacy due to their employment as government officials. Baker also contends that releasing the names of these officials will allow the public to better understand all of the evidence that was before the federal government when it decided to charge Watts and his co-conspirator. Baker also argues that the release of names would enable the public to determine whether the federal government is devoting its most experienced and capable agents to investigating corruption.

The FBI has a strong interest in protecting the identity of these individuals due to the unique nature of their involvement in this case. The FBI has shown that the special agents and personnel are randomly assigned to their cases and therefore, they do not have autonomy over the investigations for which they are involved. The FBI notes that in this matter, the special agents and support personnel investigated Watts along with other individuals in the Chicago Police Department. Disclosing the names of these agents and personnel would expose those individuals to becoming targets of harassment, some form of revenge, or other acts of violence. Publicity might prejudice or deter the agents and personnel from effectively carrying out their duties in the future. The FBI also notes that disclosure of this information would not shed light on any government activity because the information is simply personal information and not indicative of any duties or activity.

The court notes that the disclosure of these names would not provide the public with information or knowledge about the FBI's activities, but would only disclose who was involved in this investigation, which would infringe on the agents' personal privacy and subject them to harassment and potential harm.

The court utilizes the same analysis with regard to local law enforcement officers whose names and/or identifying information were withheld by the FBI. Baker argues that Illinois public officials have no expectation of privacy with regard to matters that bear on their public duties and activities. Baker cites to 5 ILCS 140/7(c), which states that "the disclosure of information that bears on the public

duties of public employees and officials shall not be considered an invasion of personal privacy." The FBI, however, distinguishes between the disclosure of duties and the disclosure of names and personal information. The FBI argues that the latter does not shed any light on the duties, functions, and activity of the government, which is why the local law enforcement personnel and officer names and identifications should not be disclosed. The FBI also argues that local law enforcement officials would likely fall victim to considerably more harassment than FBI special agents due to the local officers' involvement in a criminal investigation into their own colleagues/co-workers. The government also contends that the disclosure of the local law enforcement officers' names and identifying information does not shed light on any government activity and serves little to no public interest. The court finds that the disclosure of the names and identifying information of the law enforcement officers would constitute a clearly unwarranted invasion of personal privacy.

The court applies the same analysis and rationale for withholding the information of non-FBI federal government personnel and local law enforcement personnel. The disclosure of these individuals would serve little to no public benefit other than subjecting them to harm or harassment. Therefore, the court finds that the non-FBI federal government personnel and local law enforcement personnel names and/or identifying information were properly withheld under 5 U.S.C. § 552(b)(6).

## B. Third Parties of Investigative Interest

Baker argues that the FBI improperly withheld the names and/or identifying information of third parties of investigative interest as it pertains to Illinois public employees only. This exemption category was cited, exclusively without any unchallenged exemptions, only in two instances: the final redaction block on Watts-3 and final redaction block on Watts-129.

The FBI notes that Watts-3 contains Watts' personal information including social security number, date of birth, and other highly personal information. The FBI argues that this information is highly personal and the disclosure of which would clearly constitute an unwarranted invasion of personal privacy. Also, the FBI argues that Baker has not provided any sufficient evidence of a significant public interest that would be served if Watts' personal information were disclosed. The court finds that disclosure of Watts-3 was properly withheld pursuant to 552(b)(7)(C).

Baker challenges the FBI's redactions on Watts 129 as it relates to third party officers who were subject to investigation but ultimately were not charged with any crime or wrongdoing. Baker argues that the disclosure of these names would inform the public about the federal investigation into public corruption in the Chicago Police Department. The FBI argues that the officers who were identified as being subject to investigation should not be released. Releasing those names would constitute an invasion of the officers' personal privacy and cause irreparable harm to

13

their reputation in the community. Also, the stigma associated with being subject to a federal investigation will cause a significant personal harm to the individuals identified, and would serve limited public interest. The public will not benefit from accessing personal information about an individual who ultimately was not charged with any crime or conviction. The court finds that disclosure of Watts-129 was properly withheld pursuant to 552(b)(7)(C).

Finally, the court notes that under Baker's broad reading of FOIA, privacy considerations essentially would be meaningless and the laws relating to exemptions would not matter. This court gives due consideration to the right of the public to know certain information and the privacy rights of citizens to be protected from disclosure of certain information.

## CONCLUSION

Based on the foregoing analysis, the FBI's motion for summary judgment is granted and Plaintiff's motion for summary judgment is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 6, 2016